■ In the Matter of the Arbitration between BOARD OF EDUCATION, CENTRAL HIGH SCHOOL DISTRICT No. 3, NASSAU COUNTY, Respondent, and TEACHERS ASSOCIATION, CENTRAL HIGH SCHOOL DISTRICT No. 3, INC., Appellant.— In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County, dated June 20, 1972, which granted the application. Order reversed, on the law, without costs, and application denied. The petitioner, Board of Education and the appellant association entered into a collective bargaining agreement effective from July 1, 1970 to June 30, 1972. The agreement provided that "Sabbatical leave will be granted for purposes of study, or study related travel subject to prior approval of the Board". Ten teachers in petitioner's employ applied for sabbatical leave during the school year 1972–1973, commencing September 1, 1972. On March 22, 1972, the board voted not to grant sabbatical leaves for the 1972–1973 school year. Appellant filed a grievance on behalf of the teachers who had thus applied. As the grievance was not satisfactorily adjusted, appellant demanded arbitration under the terms of the agreement. This proceeding by petitioner to stay the arbitration followed. In its petition, petitioner asserted that the denial of the sabbatical leaves was based on section 82 of the Civil Service Law (L. 1971, ch. 124, eff. April 12, 1971). Petitioner further averred that it had granted sabbatical leaves for the 1971–1972 school year prior to the effective date of the cited statute. Petitioner claimed that, because the statute intervened, the present demand for arbitration was improper and that, moreover, the arbitration demand involved not a dispute concerning the interpretation and application of the agreement, but rather the interpretation and application of the statute, which was not an arbitrable issue. Under these circumstances we find that no stay of arbitration should have

been granted. Section 82 of the Civil Service Law by its terms forbade the granting of sabbatical leave for the period of the school year 1971–1972 (beginning July 1, 1971), unless prior to its effective date (April 12, 1971) a contractual right for that sabbatical leave was in existence. Here it is conceded that contractual rights for sabbatical leaves during the school year 1971–1972 were already in existence. But the statute was limited in its scope of operation to that year and did not extend to the following school year, 1972–1973. The collective bargaining agreement, however, provided for the consideration and granting of sabbatical leaves for the school year 1972–1973. Petitioner mistakenly relied on the operative effect of the statute in denying the applications for the school year 1972–1973. Accordingly, an arbitrable issue was properly presented for determination whether petitioner had violated the provisions of the collective bargaining agreement relating to the granting of sabbatical leaves. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.